**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>    Sunset Partners, Inc.,<br><br>        Debtor | Chapter 7<br>Case No. 17-12178-FJB |
| In re:<br><br>    Bema Restaurant Corporation,<br><br>        Debtor | Chapter 7<br>Case No. 17-12434-FJB<br>Jointly Administered |

**Supplement to the Trustee's Final Report**

Lynne F. Riley, the duly appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate of each of Sunset Partners, Inc. ("Sunset") and Bema Restaurant Corporation ("Bema" and, together with Sunset, the "Debtors") files the Annotated TFR Exhibit D for Sunset (Attachment 1) and Bema (Attachment 2) to supplement the information set forth in Exhibit D to the respective Trustee's Final Report ("TFR") filed in each of these jointly administered cases.

    1.    The Trustee's Proposed Distribution in each TFR reflects the Trustee's agreement with the senior secured creditors[1] and related parties for a carve-out from the Trustee's liquidation of their collateral, thus resolving her claims pursuant to 506(c). (the "506(c) Agreement") (see doc. nos. 340 (9019 motion filed 7/7/20), 351 ( order entered 8/31/20)). In the 506(c) Agreement, the parties acknowledged that the value of the liquidated collateral securing the respective claims of Brown and MDOR was less

---

[1] Sally Michael, as executor of the estate of Harold Brown ("Brown"), MABB LLC ("MABB"), and the Massachusetts Department of Revenue ("MDOR")

than the amount of their secured claims; as a consequence, all other creditors with junior priority secured claims are wholly unsecured. The 506(c) Agreement provides for

(i) the deemed claim allowance and agreed distribution to the senior secured creditors, Brown and MDOR, and the carve-out of their collateral which facilitates all other distributions in the case;

(ii) the compromise and agreed limitation of the Trustee's aggregate commissions and fees for her professionals;

(iii) payment of selected priority claims as allowed by separate orders of the Court; and

(iv) a twenty percent (20%) distribution on account of allowed administrative priority claims.

2. Allowance of claims is reflected on Exhibit C to each TFR, with notations as to court orders, including approved settlements, on which the treatment is based.

3. The Annotated Exhibit D attachments note for each creditor the particular basis for the claim treatment and proposed distribution, with reference to the 506(c) settlement, separate court order, under-secured status, or creditor consent, as applicable. The particular basis is set forth line-by-line on the attachments, except where the rationale for allowance and treatment is uniform for a particular category.

Respectfully submitted,
LYNNE RILEY, CHAPTER 7 TRUSTEE OF
SUNSET PARTNERS, INC. AND BEMA
RESTAURANT CORPORATION,

By her attorneys,

/s/ John T. Morrier
Lynne F. Riley, BBO no. 561965
John T. Morrier, BBO no. 628624
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
Email: morrier@casneredwards.com
Dated: December 29, 2020 (617) 426-5900

**CERTIFICATE OF SERVICE**

I, John T. Morrier, hereby certify that on December 29,2020, I caused a copy of the foregoing Motion with Exhibit to be served electronically via the Court's CM/ECF system on all registered users in the above captioned cases.

/s/ John T. Morrier
John T. Morrier, BBO: 628624
Casner & Edwards, LLP
303 Congress Street
Boston, MA 02210
Tel.: (617) 426-5900
Email: morrier@casneredwards.com

**ATTACHMENT 1**

**TRUSTEE'S PROPOSED DISTRIBUTION**

**Annotated**
TFR Exhibit D

Case No. 17-12178
Case Name: SUNSET PARTNERS, INC.
Trustee Name: LYNNE F. RILEY

## Secured creditor claims

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 10-2S | Sysco Boston LLC | 133,038.07 | 0.00 | 0.00 | 0.00 |
| | *Basis: Junior secured creditor / insufficient collateral value. Treatment reflected on TFR exhibit C.* | | | | |
| 13 | American Express Bank, FSB | 96,978.65 | 0.00 | 0.00 | 0.00 |
| | *Basis: Junior secured creditor / insufficient collateral value. Treatment reflected on TFR exhibit C.* | | | | |
| 1-4S | Massachusetts Department of Revenue Bankruptcy Unit | 392,569.17 | 296,625.00 | 296,625.00 | 0.00 |
| | *Basis: Creditor consent per the 506(c) Agreement, doc. 340.* | | | | |
| 23 | Itria Ventures LLC | 77,116.06 | 0.00 | 0.00 | 0.00 |
| | *Basis: Junior secured creditor / insufficient collateral value. Treatment reflected on TFR exhibit C.* | | | | |
| 30 | IPFS Corporation | 0.00 | 0.00 | 0.00 | 0.00 |
| | *Basis: Claim withdraw [Doc. #329, 8/23/19] Treatment reflected on TFR exhibit C.* | | | | |
| 7 | Harold Brown | 2,741,322.56 | 494,408.00 | 494,408.00 | 0.00 |
| | *Basis: Creditor consent per the 506(c) Agreement, doc. 340.* | | | | |

## Chapter 7 Administrative Creditor / Professional Fee claims

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Lynne F. Riley | 61,088.01 | 0.00 | 61,088.01 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Attorney for Trustee Fees - Casner & Edwards, LLP | 27,160.67 | 0.00 | 27,160.67 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Fees, United States Trustee | 4,875.00 | 4,875.00 | 0.00 |
| *Basis: Paid in full, per the 506(c) Agreement, doc. 340.* | | | |
| Accountant for Trustee Fees (Other Firm) - Verdolino & Lowey, P.C. | 13,400.00 | 0.00 | 13,400.00 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |

Attachment 1:  Sunset Partners, Inc. Annotated TFR Exhibit D – Trustee's Proposed Distribution

## Chapter 11 Administrative Creditor / Professional Fee claims

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Prior Chapter Trustee Compensation - Lynne F. Riley, Ch.11 Trustee | 80,268.70 | 0.00 | 80,268.70 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Prior Chapter Trustee Expenses - Lynne F. Riley, Ch.11 Trustee | 0.00 | 0.00 | 0.00 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Prior Chapter Attorney for Trustee Fees (Trustee Firm) - Casner & Edwards, LLP | 75,000.00 | 0.00 | 75,000.00 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Attorney for D-I-P Fees (Chapter 11) - Madoff & Khoury LLP Retainer: $15,700.00 | 15,700.00 | 0.00 | 0.00 |
| *Basis: Agreement with Counsel to the Debtor. See motion, doc. 346, and approval order doc. 350.* | | | |
| Attorney for D-I-P Expenses (Chapter 11) - Madoff & Khoury LLP | 0.00 | 0.00 | 0.00 |
| *Basis: Agreement with Counsel to the Debtor. See motion, doc. 346, and approval order doc. 350.* | | | |
| Prior Chapter Accountant for Trustee/DIP Fees (Other Firm) - Verdolino & Lowey, P.C. Retainer: $25,000.00 | 87,500.00 | 0.00 | 62,500.00 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Personal Property Broker Fees (Chapter 11) - The Boston Restaurant Group Inc. | 7,200.00 | 7,200.00 | 0.00 |
| *Basis: Agreement with real estate broker per engagement terms. See motion, doc. 346, and approval order doc. 350.* | | | |
| Prior Chapter Other State or Local Taxes - Massachusetts Department of Revenue Bankruptcy Unit | 10,882.71 | 0.00 | 2,176.54 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim per the 506(c) Agreement, doc. 340. .* | | | |
| Prior Chapter Trade Debt - Reinhart FoodService, L.L.C. c/o Kohner, Mann & Kailas, S.C. | 6,684.37 | 0.00 | 1,336.87 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim per the 506(c) Agreement, doc. 340. .* | | | |
| Prior Chapter Trade Debt - US Foods, Inc. | 27,586.67 | 0.00 | 5,517.33 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim per the 506(c) Agreement, doc. 340. .* | | | |
| Prior Chapter Trade Debt - Martignetti Grocery Co., Inc. | 1,398.18 | 0.00 | 279.64 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim per the 506(c) Agreement, doc. 340. .* | | | |

Attachment 1:  Sunset Partners, Inc. Annotated TFR Exhibit D – Trustee's Proposed Distribution

| | | | |
|---|---:|---:|---:|
| Prior Chapter Trade Debt - Horizon Beverage Company, Inc. | 2,989.68 | 0.00 | 597.94 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim per the 506(c) Agreement, doc. 340. .* | | | |
| Administrative Rent (post-petition storage fees, leases) - MABB LLC | 29,600.00 | 0.00 | 5,920.00 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim, with creditor consent per the 506(c) Agreement, doc. 340.* | | | |
| Administrative Post-Petition Wages (includes tax and other withholdings) - John Shalpak | 7,211.53 | 0.00 | 7,211.53 |
| *Basis: Allowed claim per creditor request (doc. 317) and court order (doc. 326).* | | | |
| Taxes on Administrative Post-Petition Wages (employer payroll taxes) - Internal Revenue Service | 51,087.84 | 0.00 | 10,217.57 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim per the 506(c) Agreement, doc. 340. .* | | | |

## Priority claims

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| | *Basis: Each of the priority claims in this section below are proposed to receive a 0% distribution because the estate funds available for distribution were exhausted by distributions to higher priority categories.* | | | |
| 1-4P | Massachusetts Department of Revenue Bankruptcy Unit | 324,627.27 | 0.00 | 0.00 |
| 6 | Commonwealth of Massachusetts Department of Unemployment Assistance | 115,542.35 | 0.00 | 0.00 |
| 9-2P | Internal Revenue Service | 697,774.66 | 0.00 | 0.00 |
| 14 | CITY OF BOSTON | 551.04 | 0.00 | 0.00 |
| 16 | CITY OF BOSTON TREASURY DEPARTMENT BANKRUPTCY COORDINATOR | 0.00 | 0.00 | 0.00 |

## General Unsecured claims

Timely claims of general (unsecured) creditors totaling $677,255.03 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Attachment 1: Sunset Partners, Inc. Annotated TFR Exhibit D – Trustee's Proposed Distribution

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| | *Basis: Each of the general unsecured claims in this section below are proposed to receive a 0% distribution because the estate funds available for distribution were exhausted by distributions to higher priority categories.* | | | |
| 1-4U | Massachusetts Department of Revenue Bankruptcy Unit | 503.69 | 0.00 | 0.00 |
| 2 | Trimark United East | 53,270.94 | 0.00 | 0.00 |
| 3U | Martignetti Grocery Co., Inc. | 6,984.96 | 0.00 | 0.00 |
| 4U | Horizon Beverage Company, Inc. | 20,613.29 | 0.00 | 0.00 |
| 5 | Preferred Services | 13,751.75 | 0.00 | 0.00 |
| 8 | MABB LLC | 12,149.81 | 0.00 | 0.00 |
| 11 | National Grid | 15,928.51 | 0.00 | 0.00 |
| 12U | Reinhart FoodService, L.L.C. c/o Kohner, Mann & Kailas, S.C. | 12,574.25 | 0.00 | 0.00 |
| 15 | CITY OF BOSTON TREASURY DEPARTMENT BANKRUPTCY COORDINATOR | 739.73 | 0.00 | 0.00 |
| 17 | CITY OF BOSTON TREASURY DEPARTMENT BANKRUPTCY COORDINATOR | 0.00 | 0.00 | 0.00 |
| 18 | Craft Brewers Guild | 14,618.53 | 0.00 | 0.00 |
| 19 | Craft Brewers Guild | 6,500.39 | 0.00 | 0.00 |
| 21 | Eversource Energy | 10,188.87 | 0.00 | 0.00 |
| 24 | Philip and Nora Balikian | 443,150.00 | 0.00 | 0.00 |
| 25U | US Foods, Inc. Leslie Bayles, Esq. Bryan Cave LLP | 52.35 | 0.00 | 0.00 |
| 26 | Craft Collective | 5,162.60 | 0.00 | 0.00 |
| 27 | Square Capital c/o RMS Bankruptcy Recovery Services | 7,645.94 | 0.00 | 0.00 |
| 28 | National Grid | 15,928.51 | 0.00 | 0.00 |
| 29 | Nstar Electric Company dba Eversource Energy | 4,783.81 | 0.00 | 0.00 |
| 31 | Illinois Union Insurance Co. c/o Chubb Global Litigation | 5,388.00 | 0.00 | 0.00 |
| 32 | Itria Ventures LLC | 27,319.10 | 0.00 | 0.00 |

Attachment 1: Sunset Partners, Inc. Annotated TFR Exhibit D – Trustee's Proposed Distribution

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $349,673.78 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| *Basis: Each of the subordinated general unsecured claims in this section below are proposed to receive a 0% distribution because the estate funds available for distribution were exhausted by distributions to higher priority categories.* | | | | |
| ADD-34 | John Shalpak | 14,422.47 | 0.00 | 0.00 |
| *Basis: Claim paid in full as allowed administrative claim per creditor request (doc. 317) and court order (doc. 326). See treatment above.* | | | | |
| 1-4sub | Massachusetts Department of Revenue Bankruptcy Unit | 77,882.51 | 0.00 | 0.00 |
| 9-2SUB | Internal Revenue Service | 257,368.80 | 0.00 | 0.00 |

**Annotated**
TFR Exhibit D

**TRUSTEE'S PROPOSED DISTRIBUTION**

Case No. 17-12434
Case Name: BEMA RESTAURANT CORPORATION
Trustee Name: LYNNE F. RILEY

## Secured creditor claims

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| 11 | Itria Ventures LLC | 72,059.69 | 0.00 | 0.00 | 0.00 |
| | *Basis: Junior secured creditor / insufficient collateral value. Treatment reflected on TFR exhibit C.* | | | | |
| 14 | US Foods, Inc. Leslie Bayles Bryan Cave LLP | 27,639.02 | 0.00 | 0.00 | 0.00 |
| | *Basis: Junior secured creditor / insufficient collateral value. Treatment reflected on TFR exhibit C.* | | | | |
| 15 | Boston Water & Sewer Commission | 12,289.53 | 0.00 | 0.00 | 0.00 |
| | *Basis: Junior secured creditor / insufficient collateral value. Treatment reflected on TFR exhibit C.* | | | | |
| 1S-2 | Massachusetts Department of Revenue | 65,227.84 | 48,920.00 | 48,920.00 | 0.00 |
| | *Basis: Creditor consent per the 506(c) Agreement, doc. 340.* | | | | |
| 2 | Harold Brown | 3,245,895.87 | 21,326.00 | 21,326.00 | 0.00 |
| | *Basis: Creditor consent per the 506(c) Agreement, doc. 340.* | | | | |
| 9 | Rewards Network Establishment Services Inc. | 11,206.21 | 0.00 | 0.00 | 0.00 |
| | *Basis: Junior secured creditor / insufficient collateral value. Treatment reflected on TFR exhibit C.* | | | | |

## Chapter 7 Administrative Creditor / Professional Fee claims

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - Lynne F. Riley | 17,228.44 | 0.00 | 17,228.44 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Attorney for Trustee Fees - Casner & Edwards, LLP | 951.04 | 0.00 | 951.04 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Fees, United States Trustee | 1,951.62 | 1,951.62 | 0.00 |
| *Basis: Paid in full, per the 506(c) Agreement, doc. 340.* | | | |
| Accountant for Trustee Fees (Other Firm) - Verdolino & Lowey, P.C. | 13,400.00 | 0.00 | 13,400.00 |

Attachment 2: Bema Restaurant Corporation Annotated TFR Exhibit D – Trustee's Proposed Distribution

> *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.*

## Chapter 11 Administrative Creditor / Professional Fee claims

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---:|---:|---:|
| Prior Chapter Trustee Compensation - Lynne F. Riley, Ch.11 Trustee | 8,167.00 | 0.00 | 8,167.00 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Prior Chapter Attorney for Trustee Fees (Trustee Firm) - Casner & Edwards, LLP | 75,000.00 | 0.00 | 75,000.00 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Prior Chapter Accountant for Trustee/DIP Fees (Other Firm) - Verdolino & Lowey, P.C. | 62,500.00 | 0.00 | 62,500.00 |
| *Basis: Trustee professional consent per the 506(c) Agreement, doc. 340.* | | | |
| Personal Property Broker Fees (Chapter 11) - The Boston Restaurant Group Inc. | 15,000.00 | 15,000.00 | 0.00 |
| *Basis: Agreement with real estate broker per engagement terms. See motion, doc. 346, and approval order doc. 350.* | | | |
| Prior Chapter Other State or Local Taxes - Massachusetts Department of Revenue Bankruptcy Unit | 10,116.04 | 0.00 | 2,023.21 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim with creditor consent per the 506(c) Agreement, doc. 340. .* | | | |
| Administrative Rent (post-petition storage fees, leases) - MABB LLC | 29,600.00 | 0.00 | 5,920.00 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim with creditor consent per the 506(c) Agreement, doc. 340. .* | | | |
| Taxes on Administrative Post-Petition Wages (employer payroll taxes) - Internal Revenue Service J F Kennedy Bldg. | 16,934.79 | 0.00 | 3,386.96 |
| *Basis: 20% distribution on allowed chapter 11 administrative expense claim per the 506(c) Agreement, doc. 340. .* | | | |

Attachment 2: Bema Restaurant Corporation Annotated TFR Exhibit D – Trustee's Proposed Distribution

## Priority claims

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| *Basis: Each of the priority claims in this section below are proposed to receive a 0% distribution because the estate funds available for distribution were exhausted by distributions to higher priority categories.* | | | | |
| 1-2P | Massachusetts Department of Revenue | 30,567.13 | 0.00 | 0.00 |
| 4 | Commonwealth of Massachusetts Department of Unemployment Assistance | 74,471.66 | 0.00 | 0.00 |
| 5P-3 | Internal Revenue Service | 36,301.18 | 0.00 | 0.00 |

## General Unsecured claims

Timely claims of general (unsecured) creditors totaling $151,504.33 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| *Basis: Each of the general unsecured claims in this section below are proposed to receive a 0% distribution because the estate funds available for distribution were exhausted by distributions to higher priority categories.* | | | | |
| 3 | MABB LLC | 27,470.95 | 0.00 | 0.00 |
| 6 | National Grid | 7,569.29 | 0.00 | 0.00 |
| 7 | Nstar Electric Company | 24,787.35 | 0.00 | 0.00 |
| 12 | Horizon Beverage Company, Inc. c/o Garabedian Law Offices, P.C. | 17,276.61 | 0.00 | 0.00 |
| 13 | Martignetti Grocery Co. Inc. c/o Garabedian Law Offices, P.C. | 9,617.31 | 0.00 | 0.00 |
| 17 | Eversource Energy | 9,208.24 | 0.00 | 0.00 |
| 18 | Burke Distributing Corp. | 9,269.14 | 0.00 | 0.00 |
| 19 | Illinois Union Insurance Co. c/o Chubb Global Litigation | 0.00 | 0.00 | 0.00 |
| 20 | Itria Ventures LLC | 27,319.10 | 0.00 | 0.00 |
| 21 | National Grid | 18,986.34 | 0.00 | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims

Attachment 2: Bema Restaurant Corporation Annotated TFR Exhibit D – Trustee's Proposed Distribution

have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $19,893.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| | *Basis: Each of the general unsecured claims in this section below are proposed to receive a 0% distribution because the estate funds available for distribution were exhausted by distributions to higher priority categories.* | | | |
| 1U-2 | Massachusetts Department of Revenue | 8,778.08 | 0.00 | 0.00 |
| 5U-3 | Internal Revenue Service | 11,114.92 | 0.00 | 0.00 |

Attachment 2: Bema Restaurant Corporation Annotated TFR Exhibit D – Trustee's Proposed Distribution